In The Court Of Appeal Of The State Of California
First Appellate District, Division Three

E-filing

Oscar Maurice Pearson,

    Defendant And Appellate,

vs.

People Of The State Of California,

    Plaintiff and Respondent.

C 07 4610 JW (PR)

Case No# A113075

FILED SEP -6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

( Contra Costa Co. Super Ct.
No# 5-041709-7 )

Declaration of Conflict of Intrest Between Appellate And His Appeals Court Appointed Counsel, Janice Wellborn:

Statement Of The Case:

This Matter Comes From A Conviction; Sentence imposed January 30, 2006 by the Contra Costa County Superior Court the Honorable Theresa J. Canepa presiding. This matter is 'Not' From A Conviction; Sentence imposed June 20, 2005 as implied by the Attorney Generals Response dated July 26, 2007.

A timely appeal was filed in the matter February 22, 2006. Following this, attorney Michael D. Carter Esq., was appointed to Represent Appellate on Appeal.

However, in June 2006 the matter was delayed when attorney Michael D. Carter aborted the case, due to the fact that he was from the Third (3d) Appellate District, and thus should have never been appointed to this case, since it is from the First Appellate District.

(cont. (1.) of (12.))

Subsequently, Attorney Janice Wellborn was appointed to represent appellate on appeal. Counsel Wellborn appointment to this case was followed by a delay of the filing of the trial court transcripts. Thus, due to the mix up in the appointment of Counsel on Appeal, and the delay of the filing of the trial court transcripts, Attorney Janice Wellborn did not file her opening Brief in this matter until January 30, 2007.

Attorney Wellborn set forth the following issue on appeal:

1.) Count III must be Reversed because a defendant can not be convicted of theft and possession of stolen property based on the same property; 2.) The trial court committed Reversible error when it convened a second Jury to determine the truth of the Prior Felony Conviction Allegations; 3.) Appellates sentence must be modified because the trial court violated Penal Code Section 654 by imposing a concurrent term on Count II: And 4.) Under Cunningham v. California the trial courts imposition of an upper term sentence on Count I violated Appellates Right Under the Sixth and Fourteenth Amendment.

On July 26, 2007 after numerous continuance by the Attorney General, which were without objection by appellates counsel Janice Wellborn, and of which said counsel never once informed him about, the attorney general finally filed their Response to Appellates Counsel opening Appeal Brief.

* * * *

Arguments In Support Of Appellates
Conflict of Intrest Motion:
" " " " " " " " " " " " " " " " "

(con't 2.) of 12.)

Argument 1.) Appellate Respectfully comes here to suggest to the honorable Justices of The California Appeals Court, that his Appellate Court appointed counsel Janice Wellborn, acted ineffectively where she fail to show prejudice in her Opening And Reply Brief, by and for the trial courts impanelment of A Second Jury for the purpose of imposing prior prison term enhancements.

To show his counsel ineffectiveness, appellate first has to agree with the Attorney Generals assessment of the Cunningham argument, as presented by his Appeal Attorney.

The Attorney General argues in his opposition motion to appellates Cunningham claim, as proposed by his counsel, that: "the Jury need only find 'one' aggravating circumstance of prior conviction (Recidivism), true to satisfy the Sixth Amendment"., Again, Appellate Agrees.

However, Appellate would argue here, that once the trial court aggravated the sentence hereinvolved, for even just 'one' prior conviction (Recidivism), that this precluded the Court, pursuant to Cal. Penal Code 1170(b) (The Double Usage Standard), from enhancing the same sentence, based on the same factors, prior conviction.

Thus Appellate would expound before this Court, that this is how he was prejudice by the Second Jury where, based on the Second Jury Findings, that: "the prior prison term allegations were

(Pg. 3.) of 12.)

Appellate would suggest to the Court here, that unless there has been some drastic change since People v. Saunder - Under California Law, the statutory Right to the Same Jury to hear priors, that sat during his offense trial, is a worthless issue for Appellate Review, where his trial attorney fail to make a timely objection at the time the first jury was terminated. For this Reason, Appellate would Respectfully ask the Courts permission to argue before the Court here, his Six Amendment Right against Double Jeopardy, where according to People v. Saunder, appellate believes that the prior prison term allegation, as charged here, had transpired during his trial where 1.) Appellate took the Stand; the Court allowed Burglary (a charge which comes with the intent to commit theft (not petty theft), to be aggravated by a Separate charge of petty theft, with priors, (allowing prior conviction to be admitted before the jurors whether Appellate took the stand or not)., And 2.) the Court then imposed an aggravated sentence for Burglary, based on these same prior offenses, in violation of California Penal Code 1170(b), since the Court also imposed a Thus prohibited enhanced sentence, based on the same prior offenses.

Therefore, appellate would suggest here, further, that his trial counsel Representation of him as reflected in the Record on Appeal, and trial transcript, clearly constitute ineffective assistance of counsel, by his trial Counsel; And, a Conflict of Interest between Appellate and his Appeal attorney, where she fail to Argue the ineffective assistance of counsel issue on appeal in this matter, now before this Court. Moreover, it should be noted here, that Appellates Appeal counsel, Janice Wellborn, even fail to make the California Penal Code #1164 Argument, which Require the Court to determine that the Jurors have heard all the issues before it, before terminating them. Appellates Counsel, Janice Wellborn, even fail to argue on Appeal before this Court: "That Cal. Penal Code 1170(b) prohibits the trial Court from aggravating the Sentence, as it did in this Case, using a proven factor that the Court used to enhance the same sentence under penal code 467.5(b)."... Once

Respectfully, [signature]

true", (Feb. (a)) under a judgement of guilt, the trial court was able to enhance the same sentence for prior conviction, separately from the offense conviction; sentence, using the same factors that the court used to aggravate the offense sentence, from the same conviction., And thus, appellate would argue here, that this was / is illegal, constituting Double Jeopardy, where it allowed the court to use the same factors twice, under the guise of two separate jury trials/proceeding (in violation of the California Penal Code), to aggravate and enhance the same conviction; sentence. — See Reverse Side for Appellates Exparte Notes To The Court: —

* * * *

Argument 2.) Here, appellate would argue that his appellate attorney and the Attorney General of the State of California was fail in there duty as public officials, to ascertain the truth. In fact appellate would argue here, that both these state officials have acted together to conceal material evidence, that will prove his innocence in this case. The material evidence at issue here, is of such a nature that appellate believes it will prove that he did not possess, nor did he ever run with, and or drop stolen property. And thus, the very essence of his conviction here, is based on A Lie. The evidence in question is called A Computer Assist Dispatch System (CAD) / or as it was called during appellate trial, 300 Trucking System, which if produced, appellate believes will show that Richmond Police Officer John Bruce, testified falsely at his trial, that: "he chased appellate and witness him run with, then drop stolen property."

Further, appellate would argue here, that all state officials

(cont. 4.) of 12.)

involved in appellates case, have been material (C.A.D.) evidence at all levels of this case from A to C: A.) The trial court, where during pre trial proceeding, the people denied that the C.A.D. System was capable of identifying the primary officer who arrived FIRST on scene at the payless cleaners, to chase appellate and allegedly witness him Run with, then drop stolen property., Following this, the people claimed that the original of this evidence was destroyed, Only to later admit at the end of appellates trial, that this evidence did in fact exist and, was capable of identifying the primary arriving officer; Evidence that the trial court then refuse to call forth; B.) Appellates Appeal attorney Janice Wellborn, has also refuse to bring the C.A.D. evidence Forth, or argue the concealment issue of this material evidence on appeal, despite being told by appellate on more then one occasion that this C.A.D. evidence exist; would prove that officer Bruce testified Falsely at his trial; C.) Appellate Further believes that both his Appellate Counsel, and the Attorney General (whom are so agreeable), are in the same bed together, where he have no doubt that they have both knowingly, and continue to conceal this material, relevant C.A.D. evidence., — Appellate believes this, where both these officials have mentioned his trial testimony in their Briefs before this court, and yet both have fail to inform this court of the Main; Only Reason that Appellate took the Stand — By Force, during his

trial: "...... ...... ...... ...... ...... ...... ...... ...... ...... ...... evident C.A.D. evidence had been concealed by the people; and the court, And 2.) to testify that it was not John Bruce, but Andy Dominici who chased Appellate (without any stolen property), on August 26, 2004 the night of this alleged offense, herein involved". Did they forget this Vital Fact? Appellate doesn't Think so!

Counsel Wellborn's only explanation to him for not arguing the Concealment/Failure to disclose evidence issue, was that appellates trial counsel, Cesily Gray, did not lay the foundation for such an appeal argument during the 1538.5(i) motion she brought before the trial court in this matter. Where, as appellate believes, attorney Gray purposely fail to ask Felicia Conley on the witness stand, during his trial (Whom is A Richmond Police Discovery Clerk), if the Richmond Police had A policy to preserve Material evidence (The Original C.A.D. Tape), upon A timely Request by the Defense to preserve said Material evidence., Ofcourse, this question was Never asked by his trial counsel, where if was A devious plot by all those involved at the trial level, to conceal the C.A.D. Material evidence in this case.

It is sad and disturbing to see that it is not the truth that state officials are concerned about, but only Conviction., This, in and of itself, is truely A state of

Confusion; Indeed, Appellate Furthermore, that Appellate believes must be Corrected For the Sea of peoples sake that it affects, Where it is the Duty of All Officials of This Greate State of California, Not Just The Appellates Appeal Counsel, To "Bring Forth The Truth," (Not To Conceal It").

\* \* \* \*

Argument 3.) In Further Support of his Conflict of interest motion, appellate would argue here, that not only did Counsel Wellborn Fail to argue the Failure to disclose issue on Appeal, Counsel also Fail to argue on Appeal, that he was denied due process of Law / effective assistance of Counsel during his trial. Statement of The Case: During Appellates trial, the trial Court allowed his trial Counsel Cesily Gray, to Conflict off his Case, While in the penalty phase of his trial, to determine the prior prison term allegations.   Appellate believes that this action by the trial Court denied him due process of Law, Where it killed any motion For A New trial; (Based on the Failure to disclose evidence at issue then and here; including the issue of the prejudicial usage of prior conviction From the petty theft with prior charge, to prove burglary).; Especially, where the trial Court Refused to give New Counsel time to Review the trial transcripts to see if there were any grounds For A New trial.

Additionally, appellate would argue here, that when the trial Court allowed his trial attorney to Conflict off his Case

despite many prior motions filed by him, for the same thing (previous representation by his trial attorney Lesly Gray, which the court ended up granting for said counsel), including one held January 9, 2006, all of which the court denied, — that this violated the Courts Judicial Power, and the Law.

Thus Appellate would further argue, and suggest to this Court, that the trial courts allowing of his trial counsel to conflict off his case on short notice, at the end of the offense trial, while in the penalty phase of his trial; coupled with the trial court's impanelment of a second jury, to determine prior prison term enhancement, that these actions by the court constituted illegal acts, which were only designed to allow the court to impose the illegal sentence it imposed in this matter, as explained above...

Appellate believes that the aforementioned are illegal acts that should have been brought out on Appeal by Counsel Janice Welborn, whom failure to do so, he would propose here, constitute a conflict of interest between himself and said counsel.

★ ★ ★ ★

Argument 4.) Finally appellate would argue here, that it constituted a conflict of interest between himself and his appellate counsel when she, without informing him, allowed the Attorney General six (6) continuances, without objection, before he finally filed his July 26, 2007 Response to her January 30, 2007 opening brief. Especially, where appellate has been confined since August 26, 2004

(con't. 8.) of 12.)

Already over the time appellate have/would have to serve on the three (3) years sentence if, as counsel argued in her Opening Brief, the six (6) years sentence imposed by the trial court was/is illegal by three (3) years, due to the illegal imposition of the extra three years sentence for prior prison term enhancement, which, as counsel argued, were illegal based on the trial courts convening of a second separate Jury, to prove the prior prison term enhancement.

Moreover, appellate would argue that his appeals counsel was negligent as well as ineffective. In support of this, appellate would direct this courts attention to his previous habeas corpus filed in this matter in Appellate court Case No.# A117533, which this court dismissed May 10, 2007, disposing that the writ was duplicative of appellates pending appeal. This court further instructed appellate, to first raise any new issues in the Superior court before attempting to raise these issues on habeas corpus, before the Appellate court. The new issue this court refered to, was appellates argument raised in his Appeals court habeas corpus, suggesting that the trial courts allowing of his trial counsel to conflict of his case, during the penalty phase of his trial, that: "this was done intentionally by the trial court to impose the illegal sentence, herein noticed").

Appellate directs the courts attention to the prior appellate court habeas corpus, to show here, that he had in fact filed a previous habeas corpus regarding the very same issue now in question here, before the Contra Costa County Superior court, dated February 5, 2006 in Superior court habeas corpus case No.# 060215-5, which the court denied March 1, 2006. Appellate, on numerous occasions, has informed his Appeals counsel of this fact, whom to this date has fail to acknowledge it.

Cont. 9.) of 12.)

or confirm that ... this Court did not know about this habeas corpus previously before the Superior Court, and thus inadvertently denied appellates prior writ of habeas corpus, before this Court, Regarding imposition of the illegal sentence.

Furthermore, Counsel Wellborn, has also Refuse to acknowledge whether or not appellates January 9, 2006 Marsden hearing is contained in the trial courts transcripts, despite Repeated request from him for this information, beginning when he could not find the January 9, Marsden motion on the courts summary of his Marsden hearings. Thus, because of the inadvertent Judgement by this Court, due to his appeals Counsel Negligence, appellate believes that he is entitled to habeas corpus Relief in this matter, regarding the illegal Acts by the Contra Costa County Superior Court, to impose the proposed Illegal Sentence, hereinabove.

In addition to this, appellate would state on his oath before this Court, that his fingerprints were not found on any counter top inside the Payless Cleaners, that he believes his fingerprints were fabracated, just like his possession of stolen property was fabracated by the Richmond Police. Appellate would go even further to state that he believes the Attorney General, and his Appeals Attorney, both know this, or should know it, where there was evidence produced at his trial that indicate his prints were lifted from the outside, off the front window of the payless Cleaners. It should be noted here, that this evidence was left undeveloped by his trial attorney Leslie Gray (over his objection), once it was Revealed on the witness stand by the payless Cleaners owner, during appellates trial.

(pg. 11.) of 11.)

Therefore, for the above reasons, appellate would pray that the court reconsider the dismissal of his Appellate Court habeas corpus in case no# A117533, to determine whether or not his appeal counsel was negligent, and whether or not he is entitled to immediate release from illegal confinement.

* * * *

## Conclusion:

Wherefore, because there exist a conflict of interest between appellate and his appointed counsel Janice Wellborn, as shown above, Appellate pray Again, that this court would conduct its own Independent investigation, and Review of the trial transcript; Order the Production of the Richmond Police (C.A.D.) 300 Tracking System involved herein, to determine whether he is illegally confined based on false information/whether or not he was Denied Due Process of Law; And, if so, issue An Order for his immediate Release.

Respectfully Submitted,

Dated: September 3, 2007

[signature]

## Declaration Under Penalty of Perjury:

Appellate hereby declares under penalty of perjury, under the Laws of the State of California, that his foregoing Motion: Conflict of Interest between Appellate And his Appointed Counsel, is true and correct to the best of his knowledge and belief.

Executed this 3rd day of September, 2007

At Solano County - Vacaville, California By

Oscar M. ~~[signature]~~

Oscar M. Pearson / Appellate

**Certificate Of Service By Mail:**

This will certify that on September 3, 2007, the below signed appellate, from Solano State Prison, Vacaville, California placed in the United States Mail, with postage fully paid, A true copy of his foregoing Motion: Conflict of Interest between appellate and his Appointed Counsel, Addressed to the following:
# 5:06-CV-05128-JW

Only No Exparte version

[X] Janice Wellborn
Attorney At Law
4104 24th Street, No. #411
San Francisco, California
94114

[X] Office of The Clerk U.S.
District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA, 94102

N/A only [struck] Court Of Appeal
Third Appellate District
900 N Street, Fourth Floor
Sacramento, California
95814-4869

[X] Department of Justice
Office of The Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA,
94102-3664 / Face sheet Notice
Only only

Dated: September 3, 2007

/S/ Oscar M. ~~[signature]~~
Oscar M. Pearson / Appellate

(con't 13) of 12.) end only